**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON MURPHY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARGO BLOCKCHAIN PLC, PETER WALL, ALEX APPLETON, MATTHEW SHAW, SARAH GOW, COLLEEN SULLIVAN, and MARIA PERRELLA,<br><br>Defendants. | Case No.: 1:23-cv-00572-NRM-SJB<br><br>Hon. Nina R. Morrison |

**MEMORANDUM OF LAW IN SUPPORT OF THE ARGO INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ................................................................................................ 2

II.   PROCEDURAL HISTORY ................................................................................................ 4

III.  ARGUMENT ..................................................................................................................... 5

    A.    Appointing the Argo Investor Group as Lead Plaintiff Is Appropriate .......................... 5

        1.  The Argo Investor Group Filed a Timely Motion. ....................................................... 6

        2.  The Argo Investor Group Has the Largest Financial Interest in the Relief
            Sought. .................................................................................................................... 7

        3.  The Argo Investor Group Satisfies the Relevant Requirements of Rule 23. ............. 8

            a.  The Argo Investor Group's Claims Are Typical. ............................................... 8

            b.  The Argo Investor Group Is An Adequate Representative. ............................... 9

    B.    Approving the Argo Investor Group's Choice of Counsel Is Appropriate. ................... 10

IV.   CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) ............................................................................... 6, 7

*In re Cendant Corp.,*
  264 F.3d 201 (3d Cir. 2001)................................................................................................. 10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
  269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................... 9

*In re Coinbase Global Securities Litigation,*
  No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ............................................ 10

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
  2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) ............................................................. 10

*Ford v. VOXX Int'l Corp.,*
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)............... 8

*Gilbert v. Azure, et al.,*
  No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793 (S.D.N.Y. Dec. 8, 2022) ............. 10

*In re Gentiva Sec. Litig.,*
  281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................................... 8

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008)................. 8

*Malriat v. Quantumscape Corp.,*
  2021 U.S. Dist. LEXIS 76914 (N.D. Cal. April 20, 2021) .................................................... 10

*Michalski v. Weber Inc., et al.,*
  Case No. 1:21-cv-03966-EEB (N.D. Ill. Nov. 29, 2022)....................................................... 10

*Snyder v. Baozun Inc.,*
  2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020)..................................................... 11

*Subramanian v. Watford, et. al.,*
  2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021)...................................................... 10

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 9

*White Pine Invs. v. CVR Ref.,*
  2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021).......................................................... 11

*Xiangdong Chen v. X Fin.*,
    No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292 (E.D.N.Y. May 13, 2020)......... 6

**Statutes**

15 U.S.C. § 78u-4 ..................................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23.................................................................................................. 1, 6, 7, 8

Benjamin Lamontagne, Ever Garcia, and Michael Phillips (collectively, the "Argo Investor Group") respectfully submit this memorandum of law in support of its motion ("Motion") for appointment as lead plaintiff and approval of its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 27 of the Securities Act of 1933 ("Securities Act") and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons and entities other than Defendants that purchased or otherwise acquired: (a) Argo Blockchain plc ("Argo" or the "Company") American Depository Shares ("ADSs") pursuant and/or traceable to the Offering Documents issued in connection with the Company's initial public offering conducted on or about September 23, 2021 (the "IPO" or "Offering"); and/or (b) Argo securities between September 23, 2021 and October 10, 2022, both dates inclusive (the "Class Period"), concerning claims under the Securities Act and the Exchange Act, against Defendants Argo, Peter Wall ("Wall"), Alex Appleton ("Appleton"), Matthew Shaw ("Shaw"), Sarah Gow ("Gow"), Colleen Sullivan ("Sullivan"), and Maria Perrella ("Perrella"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. The Argo Investor Group believes that it is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses it suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, the Argo Investor Group satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other

Class members' claims and it will fairly and adequately represent the interests of the Class. In addition, the Argo Investor Group's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

Argo, together with its subsidiaries, purports to engage in the cryptocurrency mining business worldwide, including the mining of Bitcoin or Bitcoin equivalents (together, "BTC"). ¶ 2. Argo maintains a fleet of thousands of BTC mining machines at facilities located in Canada and Dickens County, Texas. ¶ 3. The Company's Texas facility is referred to as its "Helios" facility. *Id.*

On August 19, 2021, Argo filed a registration statement on Form F-1 with the SEC in connection with the IPO, which, after several amendments, was declared effective by the SEC on September 22, 2021 (the "Registration Statement"). ¶ 4. On September 23, 2021, Argo filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents"). ¶ 5. On or about September 23, 2021, pursuant to the Offering Documents, Argo conducted the IPO, issuing 7.5 million ADSs to the public at the Offering price of $15 per ADS for approximate proceeds of $105 million to the Company before expenses and after applicable underwriting discounts and commissions. ¶ 6.

The Offering Documents were negligently prepared and, as a result, contained untrue

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Murphy* Complaint") filed in the action styled *Murphy v. Argo Blockchain Plc, et. al.,* Case No. 1:23-cv-00572-NRM-SJB (the "*Murphy* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Murphy* Complaint. The facts set forth in the *Murphy* Complaint are incorporated herein by reference.

statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. ¶ 7. Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. *Id.* Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) Argo was highly susceptible to and/or suffered from significant capital constraints, electricity and other costs, and network difficulties; (ii) the foregoing issues hampered, inter alia, Argo's ability to mine BTC, execute its business strategy, meet its obligations, and operate its Helios facility; (iii) as a result, Argo's business was less sustainable than Defendants had led investors to believe; (iv) accordingly, Argo's business and financial prospects were overstated; and (v) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein. *Id.*

On June 7, 2022, Argo issued a press release providing an operational update, in which it disclosed that it had mined approximately 25% fewer BTC in May 2022 compared to April 2022 because of, inter alia, increased network difficulty, higher electricity prices, and the curtailment of mining operations at its Helios facility. ¶ 8. On this news, Argo's ADS price fell $0.28 per ADS, or 4.4%, to close at $6.09 per ADS on June 7, 2022. ¶ 9.

On October 7, 2022, Argo issued a press release "announc[ing] several strategic actions that are intended to bring in additional capital to the business and ensure that the Company has the working capital necessary to execute its current strategy and meet its obligations over the next twelve months." ¶ 10. Argo stated that in addition to measures being undertaken to reduce costs and preserve capital, the Company had signed a non-binding letter of intent with an affiliate of

3

New York Digital Investment Group ("NYDIG") to amend an existing equipment financing agreement, plans to sell 3,400 mining machines for cash proceeds of £6 million, and intends to raise approximately £24 million via a proposed subscription with a strategic investor. *Id.* On this news, Argo's ADS price fell $0.97 per ADS, or 23.26%, to close at $3.20 per ADS on October 7, 2022. ¶ 11.

Then, on October 11, 2022, Argo issued a press release providing an operational update, in which it announced that "[d]uring the month of September, Argo mined 215 [BTC] compared to 235 BTC in August 2022" which was "primarily due to a 12% increase in average network difficulty during September." ¶ 12. Argo also stated that it "is continuing to curtail operations at its Helios facility in Dickens County, Texas during periods of high electricity prices" and was replacing the Company's Chief Technology Officer ("CTO"). *Id.* On this news, Argo's ADS price fell $0.27 per ADS, or 10.98%, to close at $2.19 per ADS on October 11, 2022. ¶ 13.

At the time the Murphy Complaint was filed, Argo's ADSs continued to trade below the $15 per ADS Offering price, damaging investors. ¶ 14.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Murphy* Action against the Defendants. Plaintiff Aaron Murphy ("Murphy") commenced the first-filed action on January 26, 2023. On that same day, counsel acting on Murphy's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of the Argo Investor Group's Motion ("Apton Decl.").

4

## III.    ARGUMENT

### A.    Appointing the Argo Investor Group as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Argo Investor Group satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. The Argo Investor Group has, to the best of its knowledge, the largest financial interest in this litigation—having collectively lost

$226,759.01 pursuant to the Exchange Act claims as a result of its transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23.[2] *See* Loss Chart, Ex. B to Apton Decl. In addition, the Argo Investor Group is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, the Argo Investor Group respectfully submits that it should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. The Argo Investor Group Filed a Timely Motion.

On January 26, 2023, pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i) and 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Murphy published the Press Release on *Globe Newswire* —a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Argo securities that they had 60 days from the publication of the January 26, 2023 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292, at *6 (E.D.N.Y. May 13, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

The Argo Investor Group timely filed its motion within the 60-day period following publication of the January 26, 2023 Press Release and submitted herewith sworn certifications attaching its transactions in Argo securities and attesting that it is willing to serve as representative of the Class. *See* PSLRA Certifications, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, the Argo Investor Group satisfies the first PSLRA requirement to be

---

[2] The Ago Investor Group lost approximately $193,822.15 pursuant to the Securities Act claims, as well.

appointed as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. The Argo Investor Group Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, the Argo Investor Group believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

The Argo Investor Group acquired Argo securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and were injured thereby. As a result of Defendants' false statements, the Argo Investor Group suffered an approximate loss of $226,759.01 pursuant to the Exchange Act claims. *See* Apton Decl., Ex. B.[3] The Argo Investor Group also suffered an approximate loss of $193,822.15 pursuant to the Securities Act claims. The Argo Investor Group is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, the Argo Investor Group believes that it has the "largest financial interest in the relief sought by the Class." Thus, the Argo Investor Group satisfies the second PSLRA requirement—the largest financial

---

[3] As reflected in the accompanying Loss Chart (Exhibit B), one member of the Argo Investor Group (Benjamin Lamontagne) acquired Argo ordinary shares over-the-counter prior to the IPO. Upon completion of the IPO, Mr. Lamontagne sold these ordinary shares and purchased Argo ADSs with the proceeds. Mr. Lamontagne incurred a loss of approximately $115,000 in connection with this exchange, which is in addition to and not included in the Argo Investor Group's approximate loss of $226,759.01.

interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. The Argo Investor Group Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, the Argo Investor Group need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

### a. The Argo Investor Group's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg.*

8

*Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

The Argo Investor Group's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, the Argo Investor Group alleges that Defendants' material misstatements and omissions concerning Argo's business, operational and financial results violated the federal securities laws. The Argo Investor Group, like all members of the Class, purchased or otherwise acquired Argo securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, the Argo Investor Group's interests and claims are "typical" of the interests and claims of the Class.

**b.      The Argo Investor Group Is An Adequate Representative.**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). The Argo Investor Group has demonstrated its adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and the Argo Investor Group's financial losses ensure that it has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. The Argo Investor Group is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

Moreover, the members of the Argo Investor Group have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a lead plaintiff, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Joint Declaration, Ex. D. to Apton Decl. Therefore, the Argo Investor Group will prosecute the Action vigorously on behalf of the Class.

Accordingly, the Argo Investor Group meets the adequacy requirement of Rule 23.

### B.    Approving the Argo Investor Group's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Argo Investor Group has selected Levi & Korsinsky to pursue this litigation on its behalf and has retained the firm as the Class' Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Gilbert v. Azure, et al.*, No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793, at *17 (S.D.N.Y. Dec. 8, 2022) (appointing Levi & Korsinsky noting the firm "is experienced in securities class action litigation" and "has been appointed by judges in this District to serve as lead counsel or co-lead counsel in other matters"); *Michalski v. Weber Inc., et al.*, Case No. 1:21-cv-03966-EEB, Dkt. No. 59 (N.D. Ill. Nov. 29,

10

2022); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, the Court may rest assured that by granting the Argo Investor Group's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, the Argo Investor Group respectfully requests that the Court grant its Motion and enter an Order: (1) appointing the Argo Investor Group as Lead Plaintiff, (2) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.


Dated: March 27, 2023                              Respectfully Submitted,

                                                   **LEVI & KORSINSKY, LLP**

                                                   By: */s/ Adam M. Apton*
                                                   Adam M. Apton (AS-8383)

12

55 Broadway, 4th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for the Argo Investor Group,*
*and [Proposed] Lead Counsel for the Class*