**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON MURPHY, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:23-cv-00572-NRM-SJB |
| Plaintiff, | |
| v. | Date of Service: March 27, 2023 |
| ARGO BLOCKCHAIN PLC, PETER WALL, ALEX APPLETON, MATTHEW SHAW, SARAH GOW, COLLEEN SULLIVAN, and MARIA PERRELLA, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF ALEX LACY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Alex Lacy ("Lacy") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) appointing Lacy as Lead Plaintiff under 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Lacy's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.   PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired: (a) Argo Blockchain plc ("Argo" or the "Company") American Depository shares ("ADSs") pursuant and/or traceable to the offering documents issued in connection with the Company's initial public offering conducted on or about September 23, 2021 (the "IPO" or "Offering"); and/or (b) Argo securities between September 23, 2021 and October 10, 2022, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Lacy is the "most adequate plaintiff" as defined by the PSLRA.

Lacy believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion,

Lacy satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Lacy respectfully submits that he is the presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Lacy's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND[1]

Argo, together with its subsidiaries, purports to engage in the cryptocurrency mining business worldwide, including the mining of Bitcoin or Bitcoin equivalents (together, "BTC"). Argo maintains a fleet of thousands of BTC mining machines at facilities located in Canada and Dickens County, Texas. The Company's Texas facility is referred to as its "Helios" facility.

On August 19, 2021, Argo filed a registration statement on Form F-1 with the SEC in connection with the IPO, which, after several amendments, was declared effective by the SEC on September 22, 2021 (the "Registration Statement"). On September 23, 2021, Argo filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents"). On or about September 23, 2021, pursuant to the Offering Documents, Argo conducted the IPO, issuing 7.5 million ADSs to the public at the Offering price of $15 per ADS for approximate proceeds of $105 million to the Company before expenses and after applicable underwriting discounts and commissions.

---

[1] This section is adapted from the complaint in the above-captioned action. *See* Dkt. No. 1.

The complaint filed in this action alleges that throughout the Class Period, and in the Offering Documents, Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects, including that: that: (i) Argo was highly susceptible to and/or suffered from significant capital constraints, electricity and other costs, and network difficulties; (ii) the foregoing issues hampered, *inter alia*, Argo's ability to mine BTC, execute its business strategy, meet its obligations, and operate its Helios facility; (iii) as a result, Argo's business was less sustainable than Defendants had led investors to believe; (iv) accordingly, Argo's business and financial prospects were overstated; and (v) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein.

On June 7, 2022, Argo issued a press release providing an operational update, in which it disclosed that it had mined approximately 25% fewer BTC in May 2022 compared to April 2022 because of, *inter alia*, increased network difficulty, higher electricity prices, and the curtailment of mining operations at its Helios facility.

On this news, Argo's ADS price fell $0.28 per ADS, or 4.4%, to close at $6.09 per ADS on June 7, 2022.

On October 7, 2022, Argo issued a press release "announc[ing] several strategic actions that are intended to bring in additional capital to the business and ensure that the Company has the working capital necessary to execute its current strategy and meet its obligations over the next twelve months." Argo stated that in addition to measures being undertaken to reduce costs and preserve capital, the Company had signed a non-binding letter of intent with an affiliate of New York Digital Investment Group ("NYDIG") to amend an existing equipment financing

agreement, plans to sell 3,400 mining machines for cash proceeds of £6 million, and intends to raise approximately £24 million via a proposed subscription with a strategic investor.

On this news, Argo's ADS price fell $0.97 per ADS, or 23.26%, to close at $3.20 per ADS on October 7, 2022.

Then, on October 11, 2022, Argo issued a press release providing an operational update, in which it announced that "[d]uring the month of September, Argo mined 215 [BTC] compared to 235 BTC in August 2022" which was "primarily due to a 12% increase in average network difficulty during September." Argo also stated that it "is continuing to curtail operations at its Helios facility in Dickens County, Texas during periods of high electricity prices" and was replacing the Company's Chief Technology Officer ("CTO").

On this news, Argo's ADS price fell $0.27 per ADS, or 10.98%, to close at $2.19 per ADS on October 11, 2022.

As of the time the complaint in this action was filed, Argo's ADSs continued to trade below the $15.00 per ADS Offering price, thereby damaging investors. As a result of the Defendants' acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, members of the class have suffered significant losses and damages.

## III.  ARGUMENT

### A.  Lacy Should Be Appointed as Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-

4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—

*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class

member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor

of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported

member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Lacy satisfies all of the PSLRA criteria and has complied with all of

the PSLRA's requirements for appointment as lead plaintiff. Lacy has, to the best of his

knowledge, the largest financial interest in this litigation and meets the relevant requirements of

Rule 23. In addition, Lacy is not aware of any unique defenses Defendants could raise against

him that would render him inadequate to represent the class. Accordingly, Lacy respectfully

submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm.*

*Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Lacy Filed a Timely Motion

Lacy has made a timely motion in response to a PSLRA early notice. On January 26,

2023, pursuant to the PSLRA, notice was published in connection with this action. *See*

5

Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Lacy had sixty days (*i.e.*, until March 27, 2023) to file a motion to be appointed as lead plaintiff. As a purchaser of Argo securities pursuant or traceable to the IPO and during the Class Period, Lacy is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Lacy attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representatives of the class. *See* Linkh Decl., Ex. B. Accordingly, Lacy satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Lacy Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, Lacy believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

As a result of the revelations described above, Lacy suffered substantial financial losses of approximately $143,584.93 for the Exchange Act claims, and $128,034.86 for the Securities Act claims. *See* Linkh Decl., Ex. C. To the best of his knowledge, Lacy is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Lacy believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Lacy Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

#### a) Lacy's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Lacy's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Lacy alleges that Defendants' material misstatements and

7

omissions concerning Argo's business, operations, and financial prospects violated the federal securities laws. Lacy, like all members of the class, purchased Argo shares in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Lacy's interests and claims are "typical" of the interests and claims of the class.

### b) Lacy Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Lacy has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Lacy is not aware of any conflict between his claims and those asserted on behalf of the class. Moreover, Lacy resides in Danville, California, has been an AT&T Maintenance Splicing Technician for 22 years, attended, San Jose State University, and has been managing his own investments for approximately 3 years. As such, Lacy is well-equipped to represent the class.

Accordingly, Lacy should be appointed as lead plaintiff.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Here, Lacy has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud

class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Lacy respectfully requests that the Court grant his Motion and enter an Order (1) appointing Lacy as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: March 27, 2023

**GLANCY PRONGAY & MURRAY LLP**

By:  _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Alex Lacy and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On March 27, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 27, 2023, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh