UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AARON MURPHY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARGO BLOCKCHAIN PLC, PETER WALL, ALEX APPLETON, MATTHEW SHAW, SARAH GOW, COLLEEN SULLIVAN, and MARIA PERRELLA,<br><br>Defendants. | Case No.  1:23-cv-00572-NRM-SJB |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOHIT MOHINDRU FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT............................................................................................................................ 5

I.      MOHINDRU SHOULD BE APPOINTED LEAD PLAINTIFF ..................................... 5

      A.    Mohindru Is Willing to Serve as Class Representative .......................................... 6

      B.    Mohindru Has the "Largest Financial Interest" in the Action ............................... 7

      C.    Mohindru Otherwise Satisfies the Requirements of Rule 23................................. 8

      D.    Mohindru Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses .............................................................................. 10

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......... 11

CONCLUSION...................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018).............................................................................8

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229 (S.D.N.Y. 1992) .............................................................................................9

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
2018 WL 3093965 (S.D.N.Y. June 21, 2018) .........................................................................7

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)........................................................................10

*Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A,
1997 WL 118429 (M.D. Fla. Feb. 6, 1997) .............................................................................8

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ...........................................................................................10

*Gluck v. CellStar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................................8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)......................................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .............................................................................7

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992).....................................................................................................9

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) ...............................................................................................11

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................7, 8

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
2008 WL 2811358 (S.D.N.Y. July 7, 2008) ............................................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................................8

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) ........................................................................................9

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) .........................................................................................8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) .....................................................................................11

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
    1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ........................................................................7

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
    2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ....................................................................7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) .......................................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)..............................................................................11

## Statutes

15 U.S.C. § 77z-1............................................................................................... *passim*

15 U.S.C. § 78u-4 .......................................................................................1, 5, 6, 11

Private Securities Litigation Reform Act of 1995 ............................................... *passim*

## Rules

Fed. R. Civ. P. 23............................................................................................. *passim*

Mohit Mohindru ("Mohindru") respectfully submits this memorandum of law in support of his motion, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Mohindru as Lead Plaintiff on behalf of persons or entities who purchased or otherwise acquired publicly traded (i) Argo Blockchain plc ("Argo" or the "Company") American Depository Shares ("ADS") pursuant and/or traceable to the offering documents issued in connection with the Company's initial public offering (the "IPO" or the "Offering") conducted on or about September 23, 2021, and/or (ii) Argo securities between September 23, 2021 and October 10, 2022, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaint in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") disseminated a materially false or misleading registration statement to investors in connection with the IPO in violation of the Securities Act, as well as defrauded investors in violation of the Exchange Act. Argo investors, including Mohindru, incurred significant losses following the disclosure of the Company's alleged wrongful conduct, which caused Argo's share price to fall sharply, damaging Mohindru and other Argo investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I). Pursuant and/or traceable to the offering documents

1

issued in connection with the IPO and/or during the Class Period, Mohindru purchased or otherwise acquired 18,687 Argo shares, expended $287,896 on his purchases, retained 1,750 of his Argo shares, and, as a result of the disclosure of the Company's alleged wrongful conduct, incurred losses of approximately $89,719 in connection with his transactions in Argo securities. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, Mohindru believes that he has the largest financial interest in the relief sought in the Action.

Beyond his considerable financial interest, Mohindru also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Mohindru has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Mohindru respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

STATEMENT OF FACTS

As alleged in the Complaint in the Action, Argo, together with its subsidiaries, purports to engage in the cryptocurrency mining business worldwide, including the mining of Bitcoin or Bitcoin equivalents (together, "BTC").

2

Argo maintains a fleet of thousands of BTC mining machines at facilities located in Canada and Dickens County, Texas.  The Company's Texas facility is referred to as its "Helios" facility.

On August 19, 2021, Argo filed a registration statement on Form F-1 with the SEC in connection with the IPO, which, after several amendments, was declared effective by the SEC on September 22, 2021 (the "Registration Statement").

On September 23, 2021, Argo filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents").

On or about September 23, 2021, pursuant to the Offering Documents, Argo conducted the IPO, issuing 7.5 million ADSs to the public at the Offering price of $15 per ADS for approximate proceeds of $105 million to the Company before expenses and after applicable underwriting discounts and commissions.

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation.  Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) Argo was highly susceptible to and/or suffered from significant capital constraints, electricity and other costs, and network difficulties; (ii) the foregoing issues hampered, inter alia, Argo's ability to mine BTC, execute its business strategy, meet its obligations, and operate its Helios facility; (iii) as a result, Argo's business was less sustainable

3

than Defendants had led investors to believe; (iv) accordingly, Argo's business and financial prospects were overstated; and (v) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein.

On June 7, 2022, Argo issued a press release providing an operational update, in which it disclosed that it had mined approximately 25% fewer BTC in May 2022 compared to April 2022 because of, *inter alia*, increased network difficulty, higher electricity prices, and the curtailment of mining operations at its Helios facility.

On this news, Argo's ADS price fell $0.28 per ADS, or 4.4%, to close at $6.09 per ADS on June 7, 2022.

On October 7, 2022, Argo issued a press release "announc[ing] several strategic actions that are intended to bring in additional capital to the business and ensure that the Company has the working capital necessary to execute its current strategy and meet its obligations over the next twelve months." Argo stated that in addition to measures being undertaken to reduce costs and preserve capital, the Company had signed a non-binding letter of intent with an affiliate of New York Digital Investment Group to amend an existing equipment financing agreement, plans to sell 3,400 mining machines for cash proceeds of £6 million, and intends to raise approximately £24 million via a proposed subscription with a strategic investor.

On this news, Argo's ADS price fell $0.97 per ADS, or 23.26%, to close at $3.20 per ADS on October 7, 2022.

Then, on October 11, 2022, Argo issued a press release providing an operational update, in which it announced that "[d]uring the month of September, Argo mined 215 [BTC] compared to 235 BTC in August 2022" which was "primarily due to a 12% increase in average network

4

difficulty during September." Argo also stated that it "is continuing to curtail operations at its Helios facility in Dickens County, Texas during periods of high electricity prices" and was replacing the Company's Chief Technology Officer.

On this news, Argo's ADS price fell $0.27 per ADS, or 10.98%, to close at $2.19 per ADS on October 11, 2022.

As of the time the complaint in the Action was filed, Argo's ADSs continued to trade below the $15 per ADS Offering price, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages.

ARGUMENT

## I.     MOHINDRU SHOULD BE APPOINTED LEAD PLAINTIFF

Mohindru should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. §§ 77z-1(a)(3)(A)(i), 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* §§ 77z-1(a)(3)(B), 78u-4(a)(3)(B).

5

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

As set forth below, Mohindru satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.      Mohindru Is Willing to Serve as Class Representative

On January 26, 2023, Pomerantz, counsel for the plaintiff in the Action, caused the statutorily required Notice of the Action to be published over *Globe Newswire* pursuant to Sections 27(a)(3)(A)(i) and  21D(a)(3)(A)(i) of the PSLRA, which announced that this Action had been filed against Argo and other Defendants, and which advised investors in Argo securities that they had until March 27, 2023—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

Mohindru has filed the instant motion pursuant to the Notice and has attached a sworn Certification executed by him attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Mohindru satisfies the first requirement to serve as Lead Plaintiff of the Class.

6

B.      Mohindru Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Mohindru has the largest financial interest of any Argo investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district.  *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

Pursuant and/or traceable to the Offering Documents issued in connection with the IPO and/or during the Class Period, Mohindru: (1) purchased 18,687 Argo shares; (2) expended $287,896 on his purchases of Argo securities; (3) retained 1,750 of his Argo shares; and (4) as a result of the disclosure of the Company's alleged wrongful conduct in the Action, incurred losses of approximately $89,719 in connection with his transactions in Argo securities.  *See* Lieberman Decl., Ex. A.  To the extent that Mohindru possesses the largest financial interest in the outcome

---

[1] *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

of this litigation, he is the presumptive "most adequate" plaintiff.    15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb).

> C.    Mohindru Otherwise Satisfies the Requirements of Rule 23

Sections 27(a)(3)(B)(iii)(I)(cc) and 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provide that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."    Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018) ); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *Olsten*, 3 F. Supp. 2d at 296. Here, the Complaint in the Action sufficiently pleads Rule 23(a)(1)

8

numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Mohindru.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Mohindru's claims are typical of those of the Class. Mohindru alleges, like all Class members, that Defendants violated the federal securities laws by making false or misleading statements of material facts and/or by omitting to disclose material facts concerning Argo. Mohindru, like other Class members, purchased or otherwise acquired Argo securities pursuant and/or traceable to the Offering Documents issued in connection with the IPO and/or during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Argo's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Mohindru has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Mohindru's interests and those of the Class. Moreover, Mohindru has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and his significant losses demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Mohindru has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. D.

D.     Mohindru Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Mohindru as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)     will not fairly and adequately protect the interests of the class; or

10

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II).

Mohindru's ability and desire to fairly and adequately represent the Class has been discussed above.  Mohindru is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Mohindru should be appointed Lead Plaintiff for the Class.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See id.* §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v).  The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class."  *Id.* §§ 77z-1(a)(3)(B)(iii)(II)(aa), 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Mohindru has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Lieberman Decl., Ex. E.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, U.K., and Tel Aviv, Israel.  *See id.* For more than 85 years, Pomerantz has represented defrauded investors.  *See id.*  As lead counsel

in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Mohindru's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Mohindru's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Mohindru respectfully requests that the Court issue an Order: (1) appointing Mohindru as Lead Plaintiff for the Class; and (2) approving Mohindru's selection of Pomerantz as Lead Counsel for the Class.

Dated:  March 27, 2023                    Respectfully submitted,

                                          POMERANTZ LLP

                                          */s/ Jeremy A. Lieberman*
                                          Jeremy A. Lieberman
                                          J. Alexander Hood II
                                          Thomas H. Przybylowski
                                          600 Third Avenue, 20th Floor
                                          New York, New York 10016
                                          Telephone: (212) 661-1100
                                          Facsimile: (917) 463-1044

12

jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Mohit Mohindru and Proposed Lead*
*Counsel for the Class*

13