**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON MURPHY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ARGO BLOCKCHAIN PLC, PETER WALL, ALEX APPLETON, MATTHEW SHAW, SARAH GOW, COLLEEN SULLIVAN, and MARIA PERRELLA, <br><br> Defendants. | Case No. 1:23-cv-00572-NRM-SJB |

**ALEX LACY'S RESPONSE TO THE COMPETING MOTIONS**
**FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Lead Plaintiff Movant Alex Lacy ("Lacy") submits this memorandum of law in response to the four competing motions for appointment as lead plaintiff and approval of lead counsel filed by other putative class members (Dkt. Nos. 13, 15, 21, 22). If Richard Hawes ("Hawes") is not appointed as lead plaintiff Lacy should be appointed and his selection of counsel should be approved.

## I.    PROCEDURAL HISTORY AND STANDARD

Five movants (including one movant group) filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, and 15 U.S.C. § 77z-1 (the "PSLRA"). The motions were filed by Lacy (Dkt. No. 18); Hawes (Dkt. No. 22); the self-styled "Argo Investor Group" composed of Benjamin Lamontagne, Ever Garcia, and Michael Phillips (Dkt. No. 15); Mohit Mohindru ("Mohindru") (Dkt. No. 21); and Brian Begay ("Begay") (Dkt. No. 13). Mohindru and Begay have since filed notices informing the Court that they does not oppose the competing lead plaintiff motions. *See* Dkt. Nos. 25, 26. As such, only Lacy, Hawes, and the Argo Investor Group are still seeking appointment as lead plaintiff.

The PSLRA directs the Court to appoint the "most adequate plaintiff" as lead plaintiff—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i); 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-

1(a)(3)(B)(iii)(II). If the presumption is rebutted, the presumption transfers to the movant with the next largest financial interest, until a suitable lead plaintiff is identified.

## II.  THE ARGO INVESTOR GROUP MEMBERS CANNOT AGGREGATE THEIR LOSSES TO EXCEED LACY'S LOSSES

The Argo Investor Group attempts to aggregate their losses to claim a larger financial interest than Lacy. The Court should deny the group's request to aggregate its members' losses because the Argo Investor Group is a collection of unrelated investors, cobbled together by counsel. *See* Dkt. No. 17-4 (Joint Declaration of the Argo Investor Group, indicating no pre-litigation relationship between its members, and explaining that their counsel formed the group).

Courts routinely deny similar groups' requests to aggregate their losses to exceed the losses of other more qualified lead plaintiff candidates. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 534 (S.D.N.Y. 2015) (declining to aggregate a group's losses because "[n]othing before this Court indicates that these random cumulations of plaintiffs are anything more than an effort to achieve the highest possible 'financial interest' figure") (citation omitted); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) ("To allow lawyers to designate unrelated plaintiffs as a 'group' and aggregate their financial stakes would allow and encourage lawyers to direct the litigation. Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff."). The same result is warranted here with respect to the Argo Investor Group.

In fact, some courts disqualify such groups from the lead plaintiff contest entirely, without regard for the individual members' losses, on the basis that they are lawyer-driven and would be inadequate class representatives. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001) ("If . . . a court were to determine that the movant 'group' with the largest losses had been created by the efforts of lawyers hoping to ensure their eventual appointment as lead

counsel, it could well conclude, based on this history, that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner."); *Cohen v. Luckin Coffee Inc.*, No. 20-cv-01293, 2020 WL 3127808, at *4 (S.D.N.Y. June 12, 2020) (rejecting a "random assemblage of unlike individuals" that "had no pre-existing relationship" and "did not even know of one another before counsel introduced them"); *Jakobsen v. Aphria, Inc.*, No. 18-cv-11376, 2019 WL 1522598, at *2 (S.D.N.Y. Mar. 27, 2019) ("A proposed plaintiff group cannot be appointed lead plaintiff if it was assembled as makeshift by attorneys to claim the greatest financial interest in the litigation."); *Chauhan v. Intercept Pharms.*, No. 21-cv-00036, 2021 WL 235890, at *5 (S.D.N.Y. Jan. 25, 2021) (disqualifying a group of two even when "each of them ha[d] a larger loss than the other movants" because "at the time they decided to form the group and submit their application . . . they had no idea who the other movants would be or the size of their losses").

While some courts have allowed aggregation in certain cases, they typically require that the group "first demonstrate that appointment as a group would best serve the class." *Elstein v. Net1 UEPS Techs., Inc.*, No. 13-cv-9100, 2014 WL 3687277, at *3 (S.D.N.Y. July 23, 2014); *see also Fries v. N. Oil & Gas, Inc.*, No. 16-cv-6543, 2017 WL 1880819, at *3 (S.D.N.Y. May 8, 2017) (to aggregate financial interests, unrelated plaintiffs must provide "evidence" that they "in aggregate would better serve the class than if they were separate"). For example, in *Luckin*, the court allowed aggregation because (among other reasons) "together, they would have standing to bring claims under both the Securities Act and the Securities Exchange Act." 2020 WL 3127808, at *6. Here the Argo Investor Group has not submitted evidence that they "in aggregate would better serve the class than if they were separate." *See Fries*, 2017 WL 1880819, at *3. Instead, to justify their grouping, the Argo Investor Group offers that "combining [their] collective

3

resources and knowledge will best serve the Class." Dkt. No. 17-4 ¶ 2. However, this is a claim that can be made by any group, and accepting such boilerplate shallow averments would subvert the rule against aggregation. *See Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at *8-*9 (S.D.N.Y. Mar. 13, 2018) (disaggregating a group that "submitted a Joint Declaration stating that they would 'exercise joint decision-making'"); *Aphria, Inc.*, 2019 WL 1522598, at *3 (same).

For these reasons, the Argo Investor Group should not be permitted to aggregate its members' losses to leapfrog over Lacy.

### III.   LACY SHOULD BE APPOINTED AS LEAD PLAINTIFF IF HAWES IS DISQUALIFIED BECAUSE LACY HAS THE SECOND LARGEST FINANCIAL INTEREST BEHIND HAWES

While Hawes appears to have the largest financial interest for both the Exchange Act and Securities Act claims in this action as measured by the movants' respective losses under each claim, Lacy is the movant with the second largest loss under each claim when the Argo Investor Group is appropriately prevented from aggregating its members losses:[1]

| Movant | Exchange Act LIFO Loss | Securities Act Loss |
|---|---|---|
| Richard Hawes | $749,870.58 | $766,527.96 |
| Alex Lacy | $143,584.93 | $128,034.86 |
| *Benjamin Lamontagne* | *$130,483.92* | *$92,087.00* |
| *Michael Phillips* | *$63,969.94* | *$67,334.00* |
| *Ever Garcia* | *$37,917.29* | *$35,913.10* |
| ~~Argo Investor Group Total~~ | ~~$232,371.15~~ | ~~$195,334.10~~ |
| Mohit Mohindru | $50,753.21 | $76,414.92 |
| Brian Begay | $35,449.27 | $27,744.23 |

---

[1] All loss values in this chart are derived from the movants' respective loss charts submitted with their motions, and the Exchange Act losses are normalized using the same 90-day trailing average price to value losses on shares retained through the end of the class period, as was used in Lacy's financial interest analysis (Dkt. No. 20-3), and as appropriate under the PSLRA. *See* 15 U.S.C. § 78u-4(e) (Limitation on Damages).

As such, if the Court determines that Hawes is inadequate, subject to unique defenses, or otherwise cannot represent the class in this action, the most adequate plaintiff presumption should move to Lacy.

Since Lacy also satisfies the relevant requirements of Rule 23, as demonstrated in his opening memorandum (Dkt. No. 19), and no movant can rebut the presumption, Lacy should be appointed as lead plaintiff and his selection of counsel should be approved if Hawes is disqualified.

## IV.     CONCLUSION

For the foregoing reasons, Lacy should be appointed as lead plaintiff and his selection of counsel should be approved if Hawes is disqualified.

Respectfully submitted,

DATED: April 10, 2023                **GLANCY PRONGAY & MURRAY LLP**

By: ___/s/ Gregory B. Linkh_____
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Alex Lacy and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

6

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 10, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 10, 2023, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh