**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON MURPHY, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>ARGO BLOCKCHAIN PLC, PETER WALL, ALEX APPLETON, MATTHEW SHAW, SARAH GOW, COLLEEN SULLIVAN, and MARIA PERRELLA,<br><br>        Defendants. | Case No.: 1:23-cv-00572-NRM-SJB<br><br>Hon. Nina R. Morrison |

**THE ARGO INVESTOR GROUP'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY BACKGROUND ........................................................................................ 1

II.    ARGUMENT ....................................................................................................................... 3

    A.    The PSLRA Process ..................................................................................................... 3

    B.    The Argo Investor Group Demonstrates that It Possesses the Largest Financial Interest in the Action. ................................................................................................... 5

    C.    The Argo Investor Group Also Establishes Its Typicality and Adequacy to Represent the Class. ................................................................................................................... 10

III.    CONCLUSION .................................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arenson v. Broadcom Corp.*,
   No. SA CV 02-301-GLT (MLGx), 2004 U.S. Dist. LEXIS 27522 (C.D. Cal. Dec. 6, 2004).... 7

*In re Atl. Power Corp. Sec. Litig.*,
   Nos. 13-10537-DPW; 13-10610-DPW; 13-10622-DPW; 13-10684-DPW; 13-10991-DPW,
   2014 U.S. Dist. LEXIS 199843 (D. Mass. Mar. 31, 2014)........................................................ 9

*Born v. Quad/Graphics, Inc.*,
   No. 19-CV-10376 (VEC), 2020 U.S. Dist. LEXIS 35534 (S.D.N.Y. 2020) ............................. 9

*Burnham v. Qutoutiao Inc.*,
   No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752 (S.D.N.Y. Nov. 4, 2020)................ 11

*Cambridge Ret. Sys. v. Mednax, Inc.*,
   Case No. 18-61572, 2018 U.S. Dist. LEXIS 207064 (S.D. Fla. 2018)......................... 3, 7, 9, 10

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ............................................................................................... *passim*

*China Agritech, Inc. v. Resh,*
   138 S. Ct. 1800 (2018)...................................................................................................... 11

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
   269 F.R.D. 291 (S.D.N.Y. 2010) ...................................................................................... 11

*In re Comdisco Sec. Litig.*,
   150 F. Supp. 2d 943 (N.D. Ill. 2001) ............................................................................... 3, 6, 9

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
   No. 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215 (S.D.N.Y. Oct. 4, 2016) ...... 2

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992)............................................................................................... 10

*Ellenburg v. JA Solar Holdings Co.*,
   262 F.R.D. 262 (S.D.N.Y. 2009) ...................................................................................... 7, 8

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) ........................................................................................ 6, 7

*In re Facebook, Inc.*,
   288 F.R.D. 26 (S.D.N.Y. 2012) ........................................................................................ 4

*Ferreira v. Funko, Inc.*,
No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515 (C.D. Cal. 2020) ............ 7, 10

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ....................................................................................... 6, 10

*Francisco v. Abengoa, S.A.*,
No. 15 Civ. 6279 (ER), Nos. 15 Civ. 6279 (ER); 15 Civ. 6971 (ER), 2016 U.S. Dist. LEXIS
68145 (S.D.N.Y. May 24, 2016) ............................................................................................. 5

*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432 (S.D.N.Y 2008) ............................................................................................. 5

*Glavan v. Revolution Lighting Techs., Inc.*,
Nos. 19-CV-980 (JPO); 19-CV-2308 (JPO); 19-CV-2722 (JPO), 2019 U.S. Dist. LEXIS
125960 (S.D.N.Y. July 29, 2019) ....................................................................................... 5, 6

*Hansen v. Ferrellgas Partners, L.P.*,
No. 06-7840, 2017 U.S. Dist. LEXIS 814513 (S.D.N.Y. Jan. 19, 2017) ................................ 11

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 112 (S.D.N.Y. 2010) ............................................................................................. 2

*Jiehua Huang v. Airmedia Grp., Inc.*,
No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 1780837 (S.D.N.Y. Nov. 10, 2015) ........ 14

*Kasilingam v. Tilray, Inc.*,
1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885 (S.D.N.Y. Aug. 6, 2020) .................... 14

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
No. 1:08-cv-7281 (JFK), 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ........... 8, 10

*Mustafin v. Greensky, Inc.*,
No. 18-11071, 2019 U.S. Dist. LEXIS 55296 (S.D.N.Y. Mar. 29, 2019) ................................ 11

*Omdahl v. Farfetch Ltd.*,
No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935 (S.D.N.Y. June 10, 2020) .............. 14

*Perlmutter v. Intuitive Surgical, Inc.*,
Case No.: 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813 (N.D. Cal. 2011) ...................... 9

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................................... 14

*Reitan v. China Mobile Games & Ent. Group, Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014)................................................................................... 11

*Shupe v. Rocket Cos.*,
   601 F. Supp. 3d 214 (E.D. Mich. 2022).............................................................................. 8

*Silverberg v. Dryships Inc.*,
   No. 17-CV-4547 (SJF)(ARL), 2018 U.S. Dist. LEXIS 225563 (E.D.N.Y. Aug. 21, 2018) .... 11

*Sofran v. Labranche & Co.*,
   220 F.R.D. 398 (S.D.N.Y. 2004) ....................................................................................... 14

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)................................................................................. 11

## Statutes

15 U.S.C. § 77z-1................................................................................................ *passim*

15 U.S.C. § 78u-4 .............................................................................................. *passim*

Movants Benjamin Lamontagne, Ever Garcia, and Michael Phillips (collectively, the "Argo Investor Group") respectfully submits the following in opposition to the competing motions for lead plaintiff and approval of lead counsel.

## I.    PRELIMINARY BACKGROUND

The Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4 and 15 U.S.C. § 77z-1) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class action. The PSLRA applies in the case at hand and, under the PSLRA, the Argo Investor Group's motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii). The Argo Investor Group has, by far, the largest financial interest under the four factors "[c]ourts in this Circuit have traditionally examined . . . (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period" (the "*Olsten/Lax* factors"). Collectively, the Argo Investor Group purchased 31,644 shares of Argo during the Class Period, retained 14,554 through the end of the Class Period, expended $241,101.64 and lost $226,759.01. With a *demonstrated* loss of over $226,000, there can be no dispute that the Argo Investor Group holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B); *see also* ECF No. 17-2, Argo Investor Group Loss Chart.

Moreover, the Argo Investor Group has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215, at *14 (S.D.N.Y. Oct. 4, 2016) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA…, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'") (quoting *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010)). The Argo Investor Group is typical of the other class members insofar as it acquired Argo Blockchain plc ("Argo" or the "Company") American Depository Shares ("ADSs") pursuant and/or traceable to the documents issued in connection with the Company's initial public offering conducted on or about September 23, 2021; and/or (b) Argo securities between September 23, 2021 and October 10, 2022, both dates inclusive, and was damaged as a result. The Argo Investor Group does not have any interests adverse to the class and, as demonstrated in its joint declaration accompanying its motion, the Argo Investor Group, is a small cohesive group of just three investors that is ideally suited to serve as the lead plaintiff given its diverse professional backgrounds and broad coverage of class claims. *See* ECF No. 17-4, Argo Investor Group Joint Declaration.

Although movant Richard Hawes ("Hawes") claims a larger financial interest than the Argo Investor Group, he fails to substantiate this claim with any analysis whatsoever and therefore cannot be found to possesses the "largest financial interest" as required by the PSLRA. Tellingly, each movant provided the Court with an "analysis" demonstrating their respective "financial interest" in the outcome of the litigation. *See* ECF Nos. 14-3 (Begay's Loss Chart), 17-2 (Argo Investor Group's Loss Chart), 20-3 (Lacy's Loss Chart), and 21-4 (Mohindru's Loss Chart). Hawes was the only movant ***not*** to provide this information. Hawes' claimed loss cannot be

verified as he only provided a loss amount in his opening brief without any explanation of his loss calculation methodology. During the first eight days of the Class Period Hawes sold 434,100 shares of ARBKF. These sales alone resulted in proceeds of over $709,000. Notwithstanding, Hawes provided no analysis of his supposed "financial interest" in the litigation, thereby leaving the Court and the parties unable to determine how Hawes calculated his "financial interest" in the litigation. Hawes' unwillingness to disclose *any* loss calculation for the Court to rely on renders his true financial interest here murky at best. *See Cambridge Ret. Sys. v. Mednax, Inc.*, Case No. 18-61572, 2018 U.S. Dist. LEXIS 207064, at *13 (S.D. Fla. 2018) ("[i]t wastes the Court's time when proposed lead plaintiffs . . . simply note that shares held prior to the Class Period were sold, without disclosing the net gain on the sale of those shares or, at minimum, carefully accounting for each of those shares."); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 945-46 (N.D. Ill. 2001) (criticizing proposed lead plaintiff who "derive[d] unwitting benefits rather than true losses from the alleged securities fraud.").

Unlike Hawes, the Argo Investor Group has provided the Court with all the information it needs to determine that it is the movant that possesses the largest verifiable financial interest and otherwise satisfies the typicality and adequacy requirement of Rule 23. Accordingly, and for all the reasons set forth herein, the Argo Investor Group is entitled to be appointed lead plaintiff and the competing lead plaintiff motions should be denied.

## II.     ARGUMENT

### A.     The PSLRA Process

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange and/or Securities Acts] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and 15 U.S.C. § 77z-

1(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u-4(a)(3)(A)(i) and 15 U.S.C. § 77z-1(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *see also In re Facebook, Inc.*, 288 F.R.D. 26, 36-41 (S.D.N.Y. 2012).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

Importantly, and relevant to the motion at bar, if the movant with the "largest financial interest" either fails to "satisf[y] the requirements of Rule 23" or is otherwise at risk of being "subject to a unique defense[]" such that the presumption of "most adequate plaintiff" is rebutted, then that movant is disqualified and the analysis is performed again beginning with the movant with the next "largest financial interest" in the litigation. *See In re Cavanaugh*, 306 F.3d 726, 727 (9th Cir. 2002) ("The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

**B.** **The Argo Investor Group Demonstrates that It Possesses the Largest Financial Interest in the Action.**

When deciding among competing lead plaintiff movants, the Court must first determine which investor possesses the largest financial interest and then decide whether they have met the adequacy and typicality requirements of Rule 23. 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I)(bb) and 15 U.S.C. § 77z-1 (a)(3)(B)(iii)(I)(bb). In accordance with *In re Olsten Corp. Securities Litig.* and *Lax v. First Merchants Acceptance Corp., supra*, "[c]ourts in this Circuit have traditionally examined . . . (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period". *Glavan v. Revolution Lighting Techs., Inc.*, Nos. 19-CV-980 (JPO); 19-CV-2308 (JPO); 19-CV-2722 (JPO), 2019 U.S. Dist. LEXIS 125960, at *8 (S.D.N.Y. July 29, 2019); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y 2008) ("In the absence of explicit guidance, many courts, including courts in this District and in the Eastern District of New York, have adopted a four-factor test first promulgated in *Lax*"). "[C]ourts have consistently held that… the magnitude of the loss suffered, is most significant." *Francisco v. Abengoa, S.A.*, No. 15 Civ. 6279 (ER), Nos. 15 Civ. 6279 (ER); 15 Civ. 6971 (ER), 2016 U.S. Dist. LEXIS 68145, at *14 (S.D.N.Y. May 24, 2016).

To evidence its "financial interest" in this Action, the Argo Investor Group filed a loss chart in support of its Lead Plaintiff Motion. ECF No. 17-2. This chart clearly demonstrates the loss methodology used to determine the Argo Investor Group's "financial interest" in the Action so that the Court can determine which lead plaintiff movant possesses the "largest financial interest" in the Action and identify which movant is the "most adequate plaintiff" as required by the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). This chart

also identifies the Argo Investor Group's *Olsten/Lax* factors which are typically used to measure financial interest in this Circuit. *Glavan*, 2019 U.S. Dist. LEXIS 125960, at *8.

Like the Argo Investor Group, all other lead plaintiff movants demonstrated their "financial interest" in the Action by providing a loss chart to support their claimed loss, except for Hawes. *See* ECF Nos. 14-3 (Begay's Loss Chart), 17-2 (Argo Investor Group's Loss Chart), 20-3 (Lacy's Loss Chart), and 21-4 (Mohindru's Loss Chart) *c.f.* ECF No. 23 (Hawes' Brief). In fact, whenever a lead plaintiff movant files a motion such as this, there is always an analysis provided to support the motion showing that the alleged "financial interest" is what the movant claims. Without an analysis of a lead plaintiff movant's claimed loss, there is no way for the Court to compare movants' respective financial interests, the only criteria the Court is permitted to use when comparing movants to one another. *Cavanaugh*, 306 F.3d at 731-32 ("Here, the Reform Act provides in categorical terms that the ***only*** basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy.") (emphasis in original).

As demonstrated by the papers filed in support of its opening motion, the Argo Investor Group calculated its loss using the preferred last in, first out ("LIFO") accounting methodology. When accounting for approximate losses, courts have repeatedly adopted LIFO methodology in order to more accurately reflect the plaintiff's financial interest in the case's outcome. *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 129 (S.D.N.Y. 2011) (applying LIFO and noting that "courts in this district and others have stated a preference for LIFO over FIFO in assessing loss for purposes of the appointment of lead plaintiff"); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005) ("[M]ore recently, courts have preferred LIFO and have generally rejected FIFO as an appropriate means of calculating losses in securities fraud cases."); *In re Comdisco Sec. Litig.*, No.

01 C 2110, 2004 U.S. Dist. LEXIS 7230, at *5 (N.D. Ill. Apr. 26, 2004) ("[R]eal world analysis of how investors fared . . . calls for LIFO rather than FIFO[.]"); *cf. Arenson v. Broadcom Corp.*, No. SA CV 02-301-GLT (MLGx), 2004 U.S. Dist. LEXIS 27522, at *5-6 (C.D. Cal. Dec. 6, 2004) (stating at summary judgment that "[a] number of courts have spoken clearly on this issue, treating it as a pure question of law and finding the FIFO methodology improper.").

Under the LIFO method, the shares that were acquired most recently are assumed to be the first shares sold. *See In re eSpeed*, 232 F.R.D. at 102. "The main advantage of LIFO is that, unlike FIFO, it takes into account gains that might have accrued to plaintiffs during the class period due to the inflation of the stock price[.]" *In re eSpeed*, 232 F.R.D. at 101. But if an investor's earliest class period transactions are sales of stock rather than purchases under LIFO, as with Hawes here, then those earlier sales must be matched against the most-recently purchased shares—even when those shares were purchased, prior to the Class Period. *See Mednax*, 2018 U.S. Dist. LEXIS 207064, at *12 (specifically adopting LIFO, noting "[t]he Court finds that the criticism of the FIFO method has merit, and therefore has relied solely on the parties' calculations of losses under the LIFO method."); *see also id.* at *13 (criticizing movant who failed to properly match excess class period sales against pre-class period holdings when LIFO is consistently applied to all class period sales); *see also Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *13 (C.D. Cal. 2020) (accepting LIFO as preferred approach); *id.* at *18-19 (criticizing failure to offset excess class period sales against pre-class period holdings).

Doing so ensures both that: (i) sales are still matched against the most recent earlier purchases under LIFO; and (ii) windfall LIFO gains are rationally and consistently accounted for. *See Ellenburg v. JA Solar Holdings Co.*, 262 F.R.D. 262, 266 (S.D.N.Y. 2009) ("The most accurate and realistic way to account for the gain realized from the August 20 sale is to subtract the purchase

price of the shares sold from the proceeds of their sale, and to offset the resulting gain against [the] class period losses."). Doing otherwise "ignore[s] the reality of the financial transactions in this case." *Id.*

The Argo Investor Group is the presumptive lead plaintiff because it has the largest financial interest in the relief sought by the class - a significant and ***verifiable*** loss of $226,759.01 - and otherwise satisfies the requirements of Rule 23. ECF No. 17-2. The Court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281 (JFK), 2008 U.S. Dist. LEXIS 95506, at *7 (S.D.N.Y. Nov. 24, 2008) (quoting *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)). Here, comparison of losses to that of Hawes cannot be done because Hawes' claimed loss, which is merely written in his brief with no supporting calculations, is unverifiable as he failed to provide relevant information to correctly calculate his financial interest using LIFO. Hawes' financial interest is simply a mystery, and the Class should not have to solve it. *See Shupe v. Rocket Cos.*, 601 F. Supp. 3d 214, 219-20 (E.D. Mich. 2022) (disqualifying lead plaintiff movant where court was unable to "determine the reliability of the [movant's] losses-suffered calculation").

In his motion, Hawes claims to have purchased 52,225 net and 178,425 total Argo shares, expended $102,139.68 in net funds, and suffered losses of $631,886.17 during the Class Period. *See* ECF No 23 at 9. Counsel for Hawes, however, provided no analysis as to how they reached these figures, instead merely citing to Hawes' certification which chronologically lists his Class Period transactions. *See id.* Hawes Class Period transactions start with extremely large sales during the first eight days of the Class Period – 434,100 shares of ARBKF. There is no analysis calculating the losses or gains from these sales, and the cost basis is completely unknown. Case law requires

lead plaintiff movants to demonstrate their financial interest and not just summarily conclude it. *See In re Atl. Power Corp. Sec. Litig.*, Nos. 13-10537-DPW; 13-10610-DPW; 13-10622-DPW; 13-10684-DPW; 13-10991-DPW, 2014 U.S. Dist. LEXIS 199843, at *1 & n.1 (D. Mass. Mar. 31, 2014) (noting failure to provide a loss analysis "bespeaks a less than full commitment to transparency in providing the court with information that it ultimately would require to make its decision"); *see also Cavanaugh*, 306 F.3d at 730 n.4 (holding that "the ***district court must calculate*** each potential lead plaintiff's financial interest in the litigation.").

When manipulative accounting methods such as these are used to inflate a proposed lead plaintiff's claimed loss, courts typically outright reject such applicants as lead plaintiffs and this Court should too. *See In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 945-46 (N.D. Ill. 2001) (rejecting proposed lead plaintiff who impermissibly used an accounting method to conceal that he sold more shares than purchased, and when properly matched, his "Class Period sales at inflated prices caused it to derive unwitting benefits rather than true losses from the alleged securities fraud"). "It wastes the Court's time when proposed lead plaintiffs . . . simply note that shares held prior to the Class Period were sold, without disclosing the net gain on the sale of those shares or, at minimum, carefully accounting for each of those shares." *Mednax*, 2018 U.S. Dist. LEXIS 207064, at *13; *see also Born v. Quad/Graphics, Inc.*, No. 19-CV-10376 (VEC), 2020 U.S. Dist. LEXIS 35534, at *6 (S.D.N.Y. 2020); *Perlmutter v. Intuitive Surgical, Inc.*, Case No.: 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *27 (N.D. Cal. 2011). In this instance, the Court has no way of knowing what Hawes' actual financial interest is, except for a sentence written in Hawes opening brief.

Hawes' entire submission feigns transparency because his counsel failed to provide even a basic loss calculation chart. Hawes counsel may try to belatedly provide the cost basis for his pre-

Class Period holdings and any attempt should be ignored by the Court. Hawes counsel should have provided the cost basis for his pre-Class Period holdings in the first instance. Their effort to muddy the Court's independent loss determination has "needlessly complicated" these proceedings by virtue of "their failure to disclose all relevant information[.]" *Funko*, 2020 U.S. Dist. LEXIS 106515, at *19, quoting *Mednax*, 2018 U.S. Dist. LEXIS 207064, at *13.

### C. The Argo Investor Group Also Establishes Its Typicality and Adequacy to Represent the Class.

Not only does the Argo Investor Group have the largest financial interest of all movants, but it also satisfies the requirements of Rule 23. The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). The Argo Investor Group's claims are typical of those of other Class members because, like other Class members, it purchased Argo securities during the Class Period and/or pursuant to the IPO, at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. *See* Memorandum in Support of Motion, ECF No. 16. Moreover, the Argo Investor Group's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, No. 1:08-cv-7281 (JFK), 2008 U.S. Dist. LEXIS 95506, at *13-14 (S.D.N.Y. Nov. 24, 2008).

To satisfy the adequacy requirement at this stage of the proceedings, the Argo Investor Group must make a preliminary showing that "(1) [its choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) [it has] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley*, 272 F.R.D. at 131. The Argo Investor

10

Group is a small cohesive group of just three individual investors.[1] This will ensure the vigorous and adequate prosecution of the Class's claims. *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010). In addition, the Argo Investor Group has no conflicts with other Class Members. ECF No. 14 at pp. 7; *Reitan v. China Mobile Games & Ent. Group, Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014). Moreover, not only is there no evidence of any antagonism between the Argo Investor Group's interests and those of the Class, but the Argo Investor Group has a significant and compelling interest in prosecuting the Action based on the large financial losses it has suffered as a result of the wrongful conduct alleged in the Action. *Burnham v. Qutoutiao Inc.*, No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *6-7 (S.D.N.Y. Nov. 4, 2020).

Finally, the Argo Investor Group has further demonstrated its adequacy by submitting a joint declaration in support of its Motion. *See* Joint Declaration, ECF No. 17-4. Mr. Lamontagne currently resides in Belmont, New Hampshire and possesses an associate's degree in science and commercial illustration. *Id.* at ¶3. He is currently a Corrections Sergeant with the Department of Corrections for the State of New Hampshire. *Id.* at ¶3. Mr. Garcia currently resides in Queens, New York and possesses a bachelor's degree in economics from Queens College *Id.* at ¶4. He is

---

[1] As courts within this Circuit and throughout the country have recognized, the PSLRA expressly endorses the appointment of a group of class members as lead plaintiff where, as here, the group is small and therefore presumably cohesive and when there has been a showing of a willingness and ability to manage the litigation. 15 U.S.C. § 78u-4(a)(3)(B)(i)-(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(i)-(iii); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388 (S.D.N.Y. 2008); *see also China Agritech, Inc. v. Resh,* 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups."); *Mustafin v. Greensky, Inc.*, No. 18-11071, 2019 U.S. Dist. LEXIS 55296, at *15 (S.D.N.Y. Mar. 29, 2019) ("[T]he PLSRA...expressly permits 'a group of persons' to be appointed lead plaintiff."); *Silverberg v. Dryships Inc.*, No. 17-CV-4547 (SJF)(ARL), 2018 U.S. Dist. LEXIS 225563, at *24 (E.D.N.Y. Aug. 21, 2018); *Hansen v. Ferrellgas Partners, L.P.*, No. 06-7840, 2017 U.S. Dist. LEXIS 8145, at *12-13 (S.D.N.Y. Jan. 19, 2017) ("[A]s the statute makes clear, groups of plaintiffs are specifically permitted by the PLSRA to be appointed lead plaintiff.").

currently a senior business development analyst at Northwell Health. *Id.* Mr. Phillips currently resides in Plumas Lake, California and possesses a master's degree in business administration. *Id.* at ¶5. He is currently a field service specialist with Raytheon Technologies. *Id.*

On Friday, March 24, 2023, Messrs. Lamontagne, Garcia, and Phillips. participated in a conference call with each other and counsel to discuss the allegations and the strength of the claims against defendants; a strategy for prosecuting the Action; the role of the lead plaintiff and the lead plaintiff selection and litigation process; the benefits that the class would receive from the leadership by investors like Messrs. Lamontagne, Garcia, and Phillips; a shared desire to achieve the best possible result for the class; their interests in prosecuting the case in a collaborative manner; attorney's fees; and the actions that they will take to continue to ensure that the claims will be zealously and efficiently litigated. *Id.* at ¶8. They each decided to work together in order to collaborate and exercise joint decision making. *Id.* at ¶9. Furthermore, Messrs. Lamontagne, Garcia, and Phillips purchased Argo securities at different stages in the Class Period, and are able to represent a cross-section of shareholders and better defend against potential representation arguments raised by Defendants later in the Action. *Id.* at ¶9. They agree to work collaboratively to represent all Argo shareholders who suffered damages during the Class Period and to ensure that the Class achieves the largest recovery possible. *Id.* at ¶9.

The members of the Argo Investor Group each understand that, if appointed, they would act in the best interests of the Class during the course of the litigation to provide effective representation and to ensure that Lead Counsel effectively litigates the Action. *Id.* at ¶10. If appointed as lead plaintiff, the Argo Investor Group agrees to actively manage the prosecution of the Action including reviewing documents, having joint calls, discussing through email any developments, participating in discovery, and exercising joint decision-making to execute a

12

strategy to maximize the recovery of the entire Class. *Id.* at ¶10. The members of the Argo Investor Group are confident in their ability to reach joint decisions regarding litigation matters and will use consensus decision making to maximize the recovery for the Class. *Id.* at ¶10. However, if ever there is a disagreement between them that cannot be resolved, a simple majority vote, with each member possessing one vote, would be taken *Id.* at ¶10.

Through supervision of its chosen counsel, Levi & Korsinsky, the Argo Investor Group will ensure that the Action is prosecuted for the benefit of the Class in an efficient and effective manner. *Id.* at ¶12. The Argo Investor Group will direct counsel to prosecute the Action in such a way to achieve a fair result for all members of the Class. *Id.* at ¶12. The Argo Investor Group has implemented communication procedures to ensure that it can quickly communicate and make decisions on short notice. *Id.* at ¶12. The members of the Argo Investor Group understand that they may call for a meeting or conference call at any time, including on an emergency basis if necessary. *Id.* at ¶12. They understand that meetings, conference calls, and communications may be conducted without counsel. *Id.* at ¶12. The Argo Investor Group agrees to contact one another when necessary to facilitate the best interests of the Class and to prosecute the Action, and do not foresee any problems communicating with one another or staying abreast of the progress of the litigation. *Id.* at ¶12.

The Argo Investor Group, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, the Argo Investor Group is entitled to the presumption that it is the "most adequate plaintiff[s]" and that it should be appointed as lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II) and 15 U.S.C § 77z-1(a)(3)(B)(iii)(II). Once the presumption is triggered, the Court must focus on the presumptive lead plaintiff alone. *See Kasilingam v. Tilray, Inc.*, 1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS

13

140885, at *5-6 (S.D.N.Y. Aug. 6, 2020); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). This presumption may be rebutted only upon proof by a class member that they "will not fairly and adequately protect the interests of the class" or are "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II) and 15 U.S.C § 77z-1(a)(3)(B)(iii)(II); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004) (internal quotation and citation omitted); *see also Omdahl v. Farfetch Ltd.*, No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y. June 10, 2020) ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"); *Jiehua Huang v. Airmedia Grp., Inc.*, No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083, at *6-7 (S.D.N.Y. Nov. 10, 2015) ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff"). This the other movants have not, and cannot, do.

## III.     CONCLUSION

For the foregoing reasons, the Argo Investor Group respectfully requests that the Court grant its Motion and enter an Order: (1) appointing the Argo Investor Group as Lead Plaintiff, (2) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: April 10, 2023                                     Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ Adam M. Apton
Adam M. Apton

14

55 Broadway, 4th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for the Argo Investor Group,*
*and [Proposed] Lead Counsel for the Class*

15