UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON MURPHY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ARGO BLOCKCHAIN PLC, PETER WALL, ALEX APPLETON, MATTHEW SHAW, SARAH GOW, COLLEEN SULLIVAN, and MARIA PERRELLA, <br><br> Defendants. | Case No. 1:23-cv-00572-NRM-SJB <br><br> Date of Service: April 10, 2023 |

**RICHARD HAWES'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 3

I.    HAWES SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ................ 3

    A.    Hawes Has The Largest Financial Interest In The Action ........................................ 3

    B.    Hawes Satisfies Rule 23 .......................................................................................... 6

II.   HAWES' SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD
     BE APPROVED .................................................................................................................. 8

III.  THE COMPETING MOTIONS SHOULD BE DENIED ................................................. 10

    A.    No Competing Movant Has Alleged a Larger Financial Loss ................................. 10

    B.    Movants Lacy and Begay Failed to Provide Identifying Information ..................... 11

CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Atanasio v. Tenaris S.A.*,
    331 F.R.D. 21 (E.D.N.Y. 2019) ................................................................................................4

*Baughman v. Pall Corp.*,
    250 F.R.D. 121 (E.D.N.Y. 2008) ..............................................................................................3

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) .............................................................................................6, 8

*Bo Young Cha v. Kinross Gold Corp.*,
    No. 12 Civ. 1203(PAE), 2012 WL 2025850 (S.D.N.Y. May 31, 2012)...................................4

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) .................................................................................................10

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ..............................................................................................4

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008) .......................................................................................3, 4, 6

*In re GE Sec. Litig.*,
    No. 09 Civ.1951(DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ..............................3, 4, 7

*In re HEXO Corp. Sec. Litig.*,
    No. 19 Civ. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) ...........................11

*Karp v. Diebold Nixdorf, Inc.*,
    No. 19 iv. 6180(LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019)....................................11

*Kokkinis v. Aegean Marine Petroleum Network Inc.*,
    No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011)..........................8

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)................................................3, 6

*Marquez v. Bright Health Grp., Inc.*,
    No. 22-CV-101 (AMD) (RLM), 2022 WL 1314812 (E.D.N.Y. Apr. 26, 2022)......................6

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..........................................................................................3

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011) ..............................................................................................7

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331 (E.D.N.Y. Sept. 29, 2010)........................6

*Quan v. Advanced Battery Techs., Inc.*,
No. 11 Civ. 2279(CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) .....................................7

*Salim v. Mobile Telesys. PJSC*,
No. 19-CV-1589 (AMD)(RLM), 2019 WL 11095253 (E.D.N.Y. Sept. 11, 2019) ...................4

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
95 F. Supp. 3d 607 (S.D.N.Y. 2015)....................................................................................3, 4

*Vladimir v. Bioenvision, Inc.*,
No. 07 Civ. 6416(SHS)(AJP), 2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007) ........................10

**Statutes**

15 U.S.C. § 77k(e) .............................................................................................................5, 10

15 U.S.C. § 77z-1(a)(3)(B) ...............................................................................................2, 6, 8

15 U.S.C. § 78u-4(a)(3)(B) ...............................................................................................2, 6, 8

**Other Authorities**

Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel* (July 16, 2020).......9

Fed. R. Civ. P. 23(a)(4).........................................................................................................7

Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*,
Bloomberg Law (July 30, 2020) ............................................................................................9

iii

**MEMORANDUM OF LAW**

Richard Hawes ("Hawes") respectfully submits this memorandum of law in opposition to all competing lead plaintiff motions and in further support of his motion for an Order: (1) appointing Hawes as Lead Plaintiff in the above-captioned action; (2) approving Hawes' selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.[1]

**INTRODUCTION**

On March 27, 2023, five motions by shareholders of Argo Blockchain plc ("Argo" or the "Company") were timely filed with this Court to be appointed lead plaintiff (and for appointment of their counsel as lead counsel) under the PSLRA. *See* ECF No. 13 at 1-2 (Brian Begay ("Begay")); ECF No. 15 at 1-2 (Benjamin Lamontagne, Ever Garcia and Michael Phillips, the "Argo Investor Group"); ECF No. 18 at 1 (Alex Lacy ("Lacy")); ECF No. 21 at 1 (Mohit Mohindru ("Mohindru")); and ECF No. 22 at 1 (Hawes).  On April 10, 2023, Mohindru and Begay filed notices of non-opposition to the competing motions (*see* ECF Nos. 25 & 26).  Lacy filed a response to the competing motions on April 10, 2023 and acknowledged that Hawes appears to have the largest financial interest for both the Exchange Act and Securities Act claims and does not challenge Hawes' adequacy and typicality under Rule 23.[2]

Under Section 27 of the Securities Act and Section 21D of the Exchange Act, as amended by the PSLRA, Congress established a legal presumption in favor of appointment as Lead

---

[1]    All terms not otherwise defined herein shall have the same meaning as those terms in Richard Hawes's Memorandum of Law in Support of His Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Opening Brief"). ECF No. 23. All references to "Ex. __" are exhibits to the Declaration of James M. Wilson, Jr. in Support of Richard Hawes's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel. ECF No. 24. All citations and internal quotation marks are omitted and all emphases are added unless otherwise noted.

[2]    Alex Lacy's Response To The Competing Motions For Appointment As Lead Plaintiff And Approval of Lead Counsel ("Lacy Response"). ECF No. 27 at 4.

Plaintiff the class member who demonstrates the "largest financial interest in the litigation" and who makes a prima facie showing that the class member satisfies the PSLRA's procedural requirements and Rule 23's typicality and adequacy requirements. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With damages of $631,886.17, Hawes clearly possesses the largest financial interest in the Action compared to any of the other Lead Plaintiff movants[3] as even Lacy now concedes appears to be the case based on his own calculations from Hawes' transactions reported in his PSLRA certification. *See* Opening Br. 9 (ECF No. 23) and ECF No. 24-2, and Lacy Response 4. No chart is required to be filed along with a movant's PSLRA certification, which certification contains all the information necessary to verify that movant's LIFO losses.   Any movant that claims to be unable to calculate such losses from a compete PSLRA certification may be overreaching to be appointed Lead Plaintiff out of desperation.  Additionally, Hawes has shown that he satisfies the typicality and adequacy requirements of Rule 23(a) because he timely moved for appointment as Lead Plaintiff, has submitted a detailed declaration with his background and otherwise shown that his interests are aligned with the proposed class as demonstrated in his PSLRA certification. This Court therefore should adopt the presumption provided by the PSLRA that Hawes is the most adequate lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[3] *See also* Mem. of Law in Supp. of Mot. of Brian Begay to Appoint Lead Pl. & Approve Lead Pl.'s Selection of Counsel 5 (ECF No. 14), Mem of Law in Supp. of the Argo Grp.'s Mot. for Appointment as Lead Pl. & Approval of Selection of Counsel ("Argo Investor Group Opening Br.") 7 (ECF No. 16), Mem. of Law in Supp. of Alex Lacy's Mot. for Appointment as Lead Pl. & Approval of Lead Counsel ("Lacy Opening Br.") 6 (ECF No. 19), and Mem. of Law in Supp. of Mot. of Mohit Mohindru for Appointment as Lead Pl. & Approval of Lead Counsel 7 (ECF No. 21-1).

2

For the reasons summarized above and explained further below, Hawes respectfully asks this Court to grant his motion to be appointed Lead Plaintiff and approve his selection of the Faruqi Firm to act as lead counsel.

## ARGUMENT

### I.    HAWES SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

As described in his opening brief, Hawes has met all of the PSLRA requirements to be appointed Lead Plaintiff in this case.

Hawes timely filed a motion to be appointed lead plaintiff. *See* Opening Brief 7-8. Further, as demonstrated in his opening motion papers, Hawes has the largest financial interest in the outcome of the case and otherwise satisfies Rule 23. *Id.* at 8-9.

### A.    Hawes Has The Largest Financial Interest In The Action

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit typically look to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See also In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008); *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 616 (S.D.N.Y. 2015); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008); *In re GE Sec. Litig.*, No. 09 Civ.1951(DC), 2009 WL 2259502, at *4 (S.D.N.Y. July 29, 2009). These four factors are commonly referred to as the *Lax* factors, so-called because they first appeared in *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997).  Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *See Baughman*, 250 F.R.D. at 125;

3

*In re GE*, 2009 WL 2259502, at \*4; *Fuwei*, 247 F.R.D. at 437; *Topping*, 95 F. Supp. 3d at 616. There is no question that Hawes has the largest financial interest in the action according to the most important factor used by Courts to decide relative financial interest among competing movants. Mr. Hawes also has the most net shares purchased and the most total shares purchased during class period. Mr. Hawes does not have the most net funds expended, but this factor in no way controls the actual losses suffered by the movants.

Courts in the Second Circuit agree that the Last-In-First-Out ("LIFO") accounting methodology is the most appropriate methodology to calculate a movant's largest financial interest. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 129 (S.D.N.Y. 2011). "[T]he overwhelming trend both in this district and nationwide has been to use LIFO to calculate such losses." *See Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203(PAE), 2012 WL 2025850, at \*3 (S.D.N.Y. May 31, 2012) (collecting cases); *see Salim v. Mobile Telesys. PJSC*, No. 19-CV-1589 (AMD)(RLM), 2019 WL 11095253, at \*3 n.5 (E.D.N.Y. Sept. 11, 2019) ("Courts in both the Second Circuit and nationwide prefer to use a LIFO calculation when assessing losses, rather than a FIFO methodology."); *Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 27 n.5 (E.D.N.Y. 2019) (noting courts' preference for the LIFO method, because FIFO "may exaggerate losses"); *Foley*, 272 F.R.D. at 129.

There is no question that Hawes has the largest financial interest using the LIFO loss methodology to determine losses under the Exchange Act, as illustrated in the table below based on the movants' opening lead plaintiff motion papers:

4

| Movant(s)[4] | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Sec. 10(b) Losses |
|---|---|---|---|---|
| **Richard Hawes** | 178,425 | 52,225 | $102,139.68 | **$631,886.17** |
| **The Argo Investor Group** | 31,644 | 14,554 | $241,101 | **$226,759.01** |
| **Alex Lacy** | Did not report. | Did not report. | Did not report. | **$143,584.93** |
| ~~**Mohit Mohindru**~~ | ~~18,687~~ | ~~1,750~~ | ~~$287,896~~ | ~~**$89,719**~~ |
| ~~**Brian Begay**~~ | ~~2,355~~ | ~~2,355~~ | ~~$37,856.04~~ | ~~**$35,448.44**~~ |

Lacy acknowledges that Hawes appears to have the largest financial interest in the Exchange Act claims. Lacy Response 4.

Further, Hawes also has the largest financial interest in the Section 11 claims. A plaintiff's recoverable damages under Section 11 are determined by calculating the difference between the purchase price and, depending on the circumstances of the case, either (1) the share price on the date suit was brought, (2) the price at which the shares were sold prior to litigation, or (3) the price at which the shares were sold during litigation, *see* 15 U.S.C. § 77k(e).

Based on Section 11's statutory formula, Hawes suffered Section 11 losses of **$466,540.95**. No other movant comes close to Hawes' losses under Section 11. Lacy acknowledges that Hawes appears to have the largest financial interest in the Securities Act claims. Lacy Response 4. The Argo Investor Group claimed to have suffered Section 11 losses of $193,822.15, well behind Hawes' losses. *See* Argo Investor Group Opening Br. 7 (ECF No.

---

[4]     A movant who has filed a notice of non-opposition or withdrew their motion is listed in the table of all movants with a strike through their name and transaction information.

5

16). While this loss calculation appears to be at odds with the statutory formula provided under Section 11 (and its actual Section 11 losses are much less, as discussed further below), even accepting this reported Section 11 loss, it is well below Hawes' Section 11 losses.  Lacy reported Section 11 losses of $128,034.86, also much less than Hawes' losses. *See* Lacy Opening Br. 6 (ECF No. 19). Mohindru reported Section 11 losses $60,624, *see* Decl. of Jeremy A. Lieberman in Supp. of Mot. of Mohit Mohindru for Appointment as Lead Pl. & Approval of Lead Counsel, Ex. A at 6 (ECF No. 21-4), and Begay appears to have Section 11 losses of approximately $27,744.23.  *See* Begay Ex. 3 (ECF No. 14-3).  Consequently, Hawes clearly has the largest financial interest in the Section 11 claims. *See Marquez v. Bright Health Grp., Inc.*, No. 22-CV-101 (AMD) (RLM), 2022 WL 1314812 (E.D.N.Y. Apr. 26, 2022).

At bottom, Hawes has the largest financial interest in this Action based on a LIFO calculation of $631,886.17 and the statutory loss calculation of Section 11 of $466,540.95. He also has the largest number of net shares purchased and the largest number of total shares purchased.  Mr. Hawes has the largest financial interest according to three out of four of the *Lax* factors, including the most important one: the approximate losses suffered.  He is therefore the movant with the largest financial interest and the presumptive lead plaintiff.

### B.    Hawes Satisfies Rule 23

The PSLRA also requires that the lead plaintiff satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  When assessing a potential Lead Plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331, at *2 (E.D.N.Y. Sept. 29, 2010); *Fuwei*, 247 F.R.D. at 436; *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff

must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Hawes' claims are clearly typical of the Class's claims. Hawes acquired Argo securities during the Class Period, suffered damages as a result of the false and misleading statements made by Defendants, and possesses claims against Defendants under the federal securities laws. Because the factual and legal bases of Hawes' claims are similar to those of the Class's claims, he necessarily satisfies the typicality requirements. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279(CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as the other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties.").

Hawes will also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The requirement of adequacy is satisfied on proof of: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in Hawes' certification, *see* Ex. B (ECF No. 24-2), Hawes' interests are perfectly aligned with—and by no means antagonistic to—the Class. *See*

7

*Kokkinis v. Aegean Marine Petroleum Network Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *see also Blackmoss*, 252 F.R.D. at 191 (same). Contemporaneously with the filing of the instant motion, Hawes submitted a Declaration with additional information about himself, his work and educational backgrounds, and experience investing, clearly demonstrating his adequacy to represent class members. Ex. C ¶ 5-7 (ECF No. 24-3). Movant has been investing in the stock market for over thirty years. *Id.* at ¶ 7. Further, Hawes has significant business experience as a founder, former President and current Managing Director of a chain of retail stores for nearly twenty years. *Id.* at ¶ 6.

Additionally, as discussed below, Hawes has selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class.

In sum, Hawes meets all the lead plaintiff requirements under the PSLRA, and he respectfully asks the Court to appoint him Lead Plaintiff for the Action.

## II.    HAWES' SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval.

Hawes has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned[5] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Opening Brief at 11-14; Ex. D, Faruqi Firm resume (ECF No. 24-4).

---

[5]    *See* Ex. E (ECF No. 24-5).

Further, the Faruqi Firm currently serves as sole lead counsel in several prominent securities class actions. *See, e.g., Aramic LLC v. Revance Therapeutics, Inc.*, No. 5:21-cv-09585-EJD (N.D. Cal.); *In Re Peloton Interactive, Inc. Sec. Litig.*, No. 1:21-cv-02369-CBA-PK (S.D.N.Y.); *Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa*.); In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG) (S.D.N.Y.); *Lowthorp v. Mesa Air Grp., Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.); *In re Synergy Pharm., Inc. Sec. Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.).

Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[6] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, over 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com/our-attorneys.

Accordingly, Hawes respectfully requests that the Court approve his selection of the Faruqi Firm as Lead Counsel.

---

[6] *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

### III.     THE COMPETING MOTIONS SHOULD BE DENIED

#### A.     No Competing Movant Has Alleged a Larger Financial Loss

The remaining movants possess smaller financial interests than Hawes in the litigation, as discussed above and therefore do not meet this requirement under the PSLRA to be appointed lead plaintiff. Section I.A, *supra*. Therefore, under the PSLRA, their motions for lead plaintiff should be denied. *See Vladimir v. Bioenvision, Inc.*, No. 07 Civ. 6416(SHS)(AJP), 2007 WL 4526532, at *6 (S.D.N.Y. Dec. 21, 2007) ("Once the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements."); *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

Moreover, certain other movants appear not to be adequate under Rule 23 to be appointed lead plaintiff. The Argo Investor Group appears to have reported incorrect losses for their Section 11 claims in its opening motion.  Section 11 provides a statutory formula to calculate damages which, as discussed above, generally is the difference between the IPO offering price and the price of the stock on the date the complaint was filed or the sales price if the stock was sold prior to filing the lawsuit. 15 U.S.C. § 77k(e). The Argo Investor Group reported Section 11 losses of $193,822.15, but did not disclose the formula it used to calculate these supposed losses. *See* Argo Investor Group Opening Br. 7 (ECF No. 16); Decl. of Adam Apton in Supp. of the Argo Inv. Grp.'s Mot. for Appointment as Lead Pl. and Approval of Selection of Counsel ("Apton Declaration"), Ex. B (ECF 17-2). Hawes applied the Section 11 statutory formula to the Argo Investor Group's transactions and determined that their Section 11 losses would be

10

approximately $149,855.03. The Argo Investor Group appears to have overstated its Section 11 losses by approximately $40,000.

**B.       Movants Lacy and Begay Failed to Provide Identifying Information**

In addition to possessing smaller financial interests than Hawes, movants Lacy and Begay failed to file personal declarations in support of their motions for appointment as lead plaintiff. Courts have found that lead plaintiff movants must provide sufficient background information about themselves to make a preliminary showing of adequacy under Rule 23. *See Karp v. Diebold Nixdorf, Inc.*, No. 19 Civ. 6180(LAP), 2019 WL 5587148, at *5-6 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration*, No. 19 Civ. 6180 (LAP), 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019) (finding lead plaintiff movant who submitted no identifying information had not made a preliminary showing of adequacy). Consequently, Lacy and Begay do not meet the threshold adequacy requirements of Rule 23 required at this stage of the litigation because they have failed to provide even the most basic background information. *See In re HEXO Corp. Sec. Litig.*, No. 19 Civ. 10965 (NRB), 2020 WL 5503634, at *1 (S.D.N.Y. Sept. 11, 2020) ("In any event, ample case law supports what one would have thought is an uncontroversial point – namely, that even a preliminary showing of adequacy requires a threshold amount of information regarding an individual movant's background and sophistication"). Thus, their motions should be denied for these reasons in addition to their lower losses.

CONCLUSION

For the foregoing reasons, Hawes respectfully requests that the Court: (1) appoint him as Lead Plaintiff; (2) approve his selection of the Faruqi Firm as Lead Counsel for the putative Class; and (3) grant such other relief as the Court may deem just and proper.

Dated: April 10, 2023                                    Respectfully submitted,

11

**FARUQI & FARUQI, LLP**

By:     */s/ James M. Wilson, Jr.*
        James M. Wilson, Jr.

James M. Wilson, Jr.
Robert W. Killorin (*pro hac vice*
forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com
         rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Richard Hawes and [Proposed] Lead*
*Counsel for the putative Class*

12