**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON MURPHY, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:23-cv-00572-NRM-SJB |
| Plaintiff, | |
| v. | |
| ARGO BLOCKCHAIN PLC, PETER WALL, ALEX APPLETON, MATTHEW SHAW, SARAH GOW, COLLEEN SULLIVAN, and MARIA PERRELLA, | |
| Defendants. | |

**ALEX LACY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Lead Plaintiff Movant Alex Lacy ("Lacy") submits this reply memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 18), and in response to the oppositions to his motion filed by competing movants Richard Hawes ("Hawes") (Dkt. No. 29, "Hawes Opp.") and the Argo Investor Group (Dkt. No. 28, "AIG Opp."). Lacy should be appointed as lead plaintiff if Hawes is not appointed because Lacy has the second largest financial interest behind Hawes.

## I.    LACY HAS THE SECOND LARGEST FINANCIAL INTEREST BECAUSE THE ARGO INVESTOR GROUP MEMBERS CANNOT AGGREGATE THEIR LOSSES TO EXCEED LACY'S LOSS

The Argo Investor Group failed again in their opposition memorandum to offer evidence that the group is anything other than what they appear to be: an amalgamation of unrelated investors cobbled together by their counsel. As such, the members should not be permitted to aggregate their losses to overcome Lacy's larger loss. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 534 (S.D.N.Y. 2015) (declining to aggregate a group's losses because "[n]othing before this Court indicates that these random cumulations of plaintiffs are anything more than an effort to achieve the highest possible 'financial interest' figure") (citation omitted).

The Argo Investor Group members also fail again in their opposition memorandum to demonstrate that they "in aggregate would better serve the class than if they were separate." *Fries v. N. Oil & Gas, Inc.*, No. 16-cv-6543, 2017 WL 1880819, at *3 (S.D.N.Y. May 8, 2017). Instead, they offer the same platitudes that, if accepted, would justify aggregation of nearly any grouping. *See, e.g.*, AIG Opp. at 12 (claiming they grouped "to work together in order to collaborate and exercise joint decision making," and because they "purchased Argo securities at

1

different stages in the Class Period").[1] This is insufficient to justify aggregation. Accordingly, if Hawes is not appointed as lead plaintiff, Lacy has the next largest financial interest and should become the presumptively most adequate plaintiff.

## II. NO MOVANT HAS PROVIDED INFORMATION THAT WOULD REBUT THE PRESUMPTION THAT LACY IS THE MOST ADEQUATE PLAINTIFF

Rebutting the presumption that Lacy is the most adequate plaintiff would require "proof" that Lacy is inadequate or subject to unique defenses. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). Such proof requires more than mere "speculation." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011). "[C]onclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the movant] would be uniquely subject." *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004).

Only Hawes attempts to rebut the presumption that Lacy is the most adequate plaintiff. *See* Hawes Opp. at 11. Hawes's sole argument is that Lacy "failed to file [a] personal declaration[]" that "provide[s] sufficient background information about [himself]." *Id.*

As an initial matter, attacking Lacy's adequacy is a tacit admission that Hawes doubts his own adequacy to represent the class. If Hawes is the presumptively most adequate plaintiff, and the presumption is not rebutted, Hawes would be appointed as lead plaintiff and there would be no reason to attack Lacy.

Regardless, as Hawes should be aware, the PSLRA does not require that movants file "personal declarations" beyond their PSLRA-required sworn certifications. *See* Dkt. No. 20-2;

---

[1] Lacy also purchased shares at different points in the Class Period, spanning October 14, 2021 to July 8, 2022. *See* kt. No. 20-3 (Lacy's Financial Interest Analysis).

15 U.S.C. § 78u-4(a)(2)(A); 15 U.S.C. § 77z-1(a)(2)(A). In fact, Hawes relies on this exact point to excuse the fact that he did not provide a loss calculation with his initial motion. *See* Hawes Opp. at 2 ("No [loss] chart is required to be filed along with a movant's PSLRA certification."). However, unlike Hawes, Lacy actually provided the information with his initial motion that Hawes claims is missing. *See* Dkt. No. 19 at 9 ("Lacy resides in Danville, California, has been an AT&T Maintenance Splicing Technician for 22 years, attended[] San Jose State University, and has been managing his own investments for approximately 3 years."). As such, Hawes has failed to provide proof that Lacy is inadequate. Accordingly, any presumption that Lacy is the most adequate plaintiff has not been rebutted.

## III.    CONCLUSION

For the foregoing reasons, if Hawes is disqualified from consideration for appointment as lead plaintiff, Lacy should be appointed, his selection of counsel should be approved, and the remaining competing motions should be denied.

Respectfully submitted,

DATED: April 17, 2023             **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Alex Lacy and Proposed Lead Counsel for the Class*

3

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 17, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 17, 2023, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh