**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON MURPHY, Individually and on Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>    v.<br><br>ARGO BLOCKCHAIN PLC, PETER WALL, ALEX APPLETON, MATTHEW SHAW, SARAH GOW, COLLEEN SULLIVAN, and MARIA PERRELLA,<br><br>                                    Defendants. | Case No. 1:23-cv-00572-NRM-SJB |

**RICHARD HAWES'S NOTICE OF SUPPLEMENTAL AUTHORITY AND RESPONSE TO THE ARGO GROUP'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Lead Plaintiff Movant Richard Hawes ("Hawes") respectfully submits this Notice of Supplemental Authority to apprise the Court of the recent decision and Order Appointing Lead Plaintiff and Lead Counsel in *Pampena v. Musk*, No. 22-cv-05937-CRB, 2023 WL 3082341 (N.D. Cal. Apr. 24, 2023) ("*Pampena*") in further support of Hawes' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (ECF No. 22). A true and correct copy of *Pampena* Order is attached hereto as Exhibit A. Hawes also briefly addresses the submission by the Argo Group of the supplemental authority *San Antonio Fire and Police Pension Fund v. Dentsply Sirona Inc.*, No. 22 Civ. 6339 (JPC), 2023 U.S. Dist. LEXIS 95791 (S.D.N.Y. June 1, 2023) (ECF No. 34) ("*Dentsply Sirona*").

The *Pampena* Order demonstrates how a court may address mistakes made in a sworn certification submitted in support of a lead plaintiff motion. In *Pampena*, the court held that a group member's failure to include all his shares in his PSLRA certification was not grounds for finding the group inadequate under certain circumstances, including when prompt correction of the mistake was made: "Moreover, because Steve Garrett **promptly fixed** this seemingly **clerical error** by submitting a supplemental certification, his mistake is not grounds for finding the Group inadequate under Rule 23." *Pampena*, 2023 WL 3082341, at *3 (emphasis added). The *Pampena* Order is instructive by way of contrast – in this case, the sworn PSLRA certification filed by Ever Garcia obviously failed to report certain sales transactions that his attorneys utilized in their loss calculations for the Argo Group (Hawes Reply at 10-11 (ECF No. 32)) **and to this day they have not filed a corrected supplemental certification.** This incorrect sworn certification goes to a material issue in this case, namely the ability to verify the Argo Group's losses. The Argo Group member's inaccurate PSLRA certification continues to be unrectified

and/or explained and the Argo Group's losses cannot be verified, which failure, according to *Pampena*, goes to the adequacy of the Argo Group.

**RESPONSE TO THE ARGO GROUP'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The *Dentsply Sirona* decision that was submitted by the Argo Group is completely inapposite to the facts of this case. In *Dentsply Sirona*, the court reviewed a movant's newly proposed loss calculation methodology that it had submitted in lead plaintiff briefing after its opening motion papers had relied on the traditional LIFO methodology to calculate losses. That movant in *Dentsply Sirona* clearly sought to advocate for the use of a different methodology after realizing that it did not have the largest losses under the traditional LIFO calculation that all parties adopted initially. *Dentsply Sirona*, 2023 U.S. Dist. LEXIS 95791, at *18. The court refused to consider losses calculated under this new methodology because it would encourage "gamesmanship." *Id.* There has not been any such change in methodology proposed by movant Hawes, who has steadfastly relied on the LIFO damage calculation methodology. *Dentsply Sirona* is inapposite to this case.

The only arguable gamesmanship is on the part of the Argo Group, who clearly understand that Hawes has the largest financial interest and have failed to offer any proof to the contrary, despite having a full and complete records of his transactions. Instead, the Argo Group proffers a factually distinguishable case in an attempt to avoid the proper outcome called for in this this lead plaintiff contest. It should also be noted that despite the hyperbole of the Argo Group, *Dentsply Sirona* does not stand for the proposition that a loss calculation through an attorney-generated loss chart is required, and there is no such requirement in the PSLRA.

Dated:  June 8, 2023                                Respectfully submitted,

                                                                **FARUQI & FARUQI, LLP**

                                                                By:  */s/ James M. Wilson, Jr.*

2

James M. Wilson, Jr.

James M. Wilson, Jr.
Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com
         rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Richard Hawes and [Proposed] Lead Counsel for the putative Class*

3